HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUSAN MARCOS-CHAVELA,

    Plaintiff,

    v.

LINDSEY GRAHAM, *et al.*,

    Defendants.

Case No. C22-1035-RAJ

ORDER

This matter comes before the Court *sua sponte*. For the reasons that follow, the Court **DISMISSES** *pro se* Plaintiff's complaint with leave to amend. Dkt. # 5.

Plaintiff filed this action against several U.S. senators, a former First Lady, and the United Methodist Church. Dkt. # 4. Plaintiff also submitted an application to proceed *in forma pauperis*. Dkt. # 1. The Honorable Michelle L. Peterson granted the application. Dkt. # 4.

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). A complaint is frivolous if it lacks a basis

ORDER – 1

in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 14-378-RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds *pro se*, the court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

Plaintiff's Complaint is largely unintelligible. Plaintiff alleges that Defendants engaged in collusion and deception for personal gain. The Complaint does not contain any allegations explaining what these acts were. While Plaintiff cites to some statutes, the complaint contains no details regarding Defendants' actions or how each Defendant's actions violated those statutes. Even construing all allegations in the light most favorable to the Plaintiff and giving due deference to Plaintiff's *pro se* status, the complaint fails to state a claim.

For the reasons stated above, the Court **DISMISSES** *pro se* Plaintiff's complaint with leave to amend. Dkt. # 5. **Within fourteen (14) days from the date of this Order**, Plaintiff may file an amended complaint. If Plaintiff does not file an amended complaint within that timeframe, or if Plaintiff files an amended complaint that does not state a

ORDER – 2

cognizable claim for relief or is otherwise untenable under § 1915(e), the Court will dismiss the action.

DATED this 11th day of April, 2023.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 3